```
         CCPCVMN          SUPREME COURT - STATE OF NEW YORK      DATE: 04/16/2008
INDEX NO: 111300 2006 E            NEW YORK COUNTY CLERK         TIME: 11:12:54
PURCHASE: 08112006          CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: MAHAR MARY          DEFENDANT NAME: PFIZER INC
        ATTORNEY: RONALD R. BENJAMIN        ATTORNEY: UNKNOWN
                  126 RIVERSIDE DRIVE
                  BINGHAMTON, NEW YOR
                  1-607 772-1442
SEQ  DATE                    MINUTES
0001 08112006                SUMMONS AND COMPLAINT


0001 09252006                ANSWER


0001 03062008                DISMISSAL STIPULATION WITH PREJUDICE
                             AGAINST PFIZER DEFENDANTS

0001 04092008                ORDER IAS PART 54 SEQ 001 WITHDRAWN


                                   NEXT INDEX NUMBER:            /
  F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

INDEX NUMBER

Do not write in this space

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

CHECK ONE

Mary Mahar,

Plaintiff,

-vs-

Pfizer, Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer, Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc,

Defendants.

| | COMMERCIAL ACTION | | ✓ | NOT COMMERCIAL ACTION |
| --- | --- | --- | --- | --- |
| | CONSUMER CREDIT TRANSACTION | | ✓ | NOT CONSUMER CREDIT TRANSACTION |
| | THIRD PARTY ACTION | | ✓ | NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION**
**MAIN INDEX NO.** _____

06111301

| | |
| --- | --- |
| Name and address of Attorney for Plaintiff or Petitioner. Telephone No. | LAW OFFICES OF RONALD R. BENJAMIN<br>126 Riverside Drive<br>P.O. Box 607<br>Binghamton, New York 13902-0607 |
| Name and address of Attorney for Defendant or Respondent. Telephone No. | |

607-772
1442

A.  Nature and object of action or    *Products liability*
    Nature of special proceeding

B.  Application for Index Number filed by:    Plaintiff ☐    Defendant ☐

C.  Was a previous Third Party Action filed    Yes ☐    No ☐
    Date filed

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

06111300

----------------------------------------------------------------

MARY MAHAR

                 Plaintiff,

      -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

                 Defendants.

----------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT(S):

        **SUMMONS**

Plaintiff designates **New York County** as
place of trial based on defendants' principal
place of business
Index No.:
Date Filed:



       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 2, 2006
      Binghamton, New York

Plaintiffs' residence is:
2803 Country Club Road, Endwell, New York 13760

Defendants' Addresses:
Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

                            Ronald R. Benjamin, Esq.
                          **LAW OFFICES OF RONALD R. BENJAMIN**
                          Attorney for Plaintiff
                          126 Riverside Drive
                          P.O. Box 607
                          Binghamton, New York 13902-0607
                          (607) 772-1442

STATE OF NEW YORK:  SUPREME COURT
COUNTY OF NEW YORK
— — — — — — — — — — — —  — — — — — — — — — — — —

MARY J. MAHAR,

                                                              **COMPLAINT**

                              **Plaintiffs,**

                -vs-                                          Index No. :

**PFIZER, INC.,  PHARMACIA CORPORATION, a wholly-**            Date Filed:
**own subsidiary of PFIZER, INC., and PHARMACIA &**
**UPJOHN COMPANY, a wholly owned subsidiary of**
**PHARMACIA CORPORATION, and**
**MERCK & CO, INC,**

                              **Defendants.**

— — — — — — — — — — — — — — — — — — — — — — — —

        Plaintiff, MARY J. MAHAR, by and through counsel, the Law Office of Ronald R. Benjamin,

complaining of each defendant, allege as follows:

        1.  Plaintiff was and is at all times relevant herein is a resident of and domiciled in the State of

New York.

        2.  Upon information and belief, defendant PFIZER INC., is a Delaware corporation with its

principal place of business located at 235 East 42nd Street, New York, New York, and is authorized to

do and doing business in the State of New York with the county of its principal office registered as New

York County.

        3.  Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY  is a

wholly-owned  subsidiary of PHARMACIA CORPORATION, and at times relevant to this complaint,

each was a foreign corporation incorporated in the State of Delaware, and authorized to do business in

the State of New York, registered in or with its principal office located in New York County.

        4.  Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and

Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as "Pfizer defendants").

5.    Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck" or defendant), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

6. At all relevant times herein mentioned the Pfizer defendants engaged in manufacture, design, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their respective pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medications **CELEBREX (celecoxib)** and **BEXTRA (valdecoxib)**, which are selective inhibitors of cyclo-oxygenase 2 (COX-2), for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

7.    At all relevant times herein mentioned the defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medication **VIOXX (rofecoxib)**, a selective COX-2 inhibitor, for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

8.    Each of the defendants are liable for the acts and transactions complained of herein that occurred and injured plaintiffs in and thus had consequences in the State of New York.

9. Upon information and belief, each of the defendants used a wide range of marketing methods to promote the aforesaid products and place the same in the stream of commerce, including, but not limited to, sponsoring medical journals to promote the alleged benefits of their products, using sales representatives including detailmen to call to on physicians throughout the country to encourage them to prescribe each of the defendants' products, sponsoring continued medical education programs for the express purpose of promoting their products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end- users of the products, and by utilizing the media to promote the alleged benefits of the products.

10. Upon information and belief, each of the defendants engaged in extensive advertising and promotional activity which indicated their drugs were efficacious for treating and safe to use, and published a description of their respective drugs in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

11. Upon information and belief, due to defendant's promotional activity with respect to the aforesaid products, each of the plaintiffs were prescribed the drugs based on the belief the same were safe to use and unlikely to subject each injured plaintiff to serious side effects as a result of use of the products.

12. Upon information and belief, had each of the defendants carried out proper testing on their products it would have realized the risks of using their products included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far outweighed any alleged benefits from the products.

13. Upon information and belief, each of the defendants, through its agents, employees and representatives, engaged in intentional efforts to hide and withhold from the public safety concerns expressed by its own officials and researchers linking the aforesaid drugs to increased heart risks.

14. In reliance on the same, the injured plaintiff ingested the drugs and continued ingesting

the drugs for a period of time as instructed by their respective prescribing physicians.

15.    Upon information and belief, the injured plaintiff MARY J. MAHAR ingested the drug Vioxx from approximately August 1999 to August 2003, as directed by her physicians and in accordance with the respective manufacturer's instructions.

16.    Upon information and belief, the injured plaintiff MARY J. MAHAR ingested the drug Bextra in or about, 2003, as directed by her physicians and in accordance with the respective manufacturer's instructions.

17.    Due to safety concerns of an increased risk of cardiovascular events, on or about September 30, 2004, Merck announced a voluntary withdrawal of Vioxx (rofecoxib) from the market, and on or about April 7, 2005, Pfizer withdrew Bextra from the market.

18.    As a direct and proximate result of the conduct of each of the defendants,    the injured plaintiffs sustained severe injuries, which, upon information and belief, are permanent in nature.

19.    By reason of the foregoing, the injured plaintiff sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

20.    By reason of injuries caused by ingestion of the aforesaid drugs, the injured plaintiff incurred or may be obligated to pay monies for medical expenses.

21.    The injuries sustained by the aforesaid plaintiff and the damages resulting therefrom were caused solely by the defendants' defective products without any fault on the part of the plaintiff contributing hereto.

22.    Plaintiff alleges that the limitations on liability set forth in CPLR § 1601 do not apply under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

23.    In the event applicable, plaintiffs rely on the provisions of CPLR §214-c(4).

## AS AND FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE AND GROSS NEGLIGENCE)

24.  Plaintiff realleges and incorporates herein as if fully set forth herein the allegations in the preceding paragraphs 1 through 29 of this complaint.

25.  Each of the defendants knew or should have known with the exercise of reasonable care that the products complained of are unreasonably dangerous products, and nevertheless promoted and placed said products into the stream of commerce.

26.  Prior to the time the injured plaintiff ingested the products as aforesaid, each of the defendants knew or should have known that a significant portion of the users of the products would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

27.  Upon information and belief, each of the defendants failed to carry out adequate investigation including, but not limited to, failing to adequately test their respective products.

28.  Each of the defendants was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying , minimizing, and otherwise failing to warn the medical profession , the public in general and each plaintiff in particular about the serious and deadly side effects of their products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

29.  As a direct and proximate result of the negligence of each of the defendants, the injured plaintiffs were harmed and sustained the injuries as aforesaid due to ingesting the products over a period of time.

30.  As a result of the foregoing, the injured plaintiff is entitled to compensatory damages from each of the defendants, and to exemplary damages from each of the defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
### (STRICT LIABILITY)

31.  Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further allege the following.

32.   At all times herein mentioned, the defendants' respective products were dangerous and defective, in that any benefit from said products was outweighed by the serious and deadly side effects of said drugs.

33.   Each of the defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

34.   Each of the defendants are strictly liable for the harm the injured plaintiffs sustained as a result of ingesting the products as aforesaid.

35.   As a result of reckless disregard for the public welfare and welfare of the plaintiff in particular, the plaintiff is entitled to exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of each of the defendants' conduct.

## AS AND FOR A THIRD CAUSE OF ACTION
## (MISREPRESENTATION AND FAILURE TO WARN)

36.   Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further allege the following.

37.   Beginning prior to the time the plaintiff herein ingested the drugs as aforesaid, each of the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs, by promoting the drugs based on unsubstantiated safety claims, and by failing to protect users from serious dangers which each of the defendants knew or should have known to result from use of said products.

38.   By use of affirmative misrepresentations and omissions, each of the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the aforesaid drugs were safe, known to be safe or had minimal risks to the public and

each plaintiff in particular.

39.  Upon information and belief, each of the defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

40.  Each of the defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

41.  As a direct and proximate result of the aforesaid failure by each of the defendants to provide appropriate warnings and/or instructions, the plaintiff sustained the harm complained of herein.

42.  Upon information and belief, at the times relevant to this complaint, each defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drugs posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drugs was in fact dangerous, each defendant downplayed the health hazards and risks associated with the products and in fact deceived the medical community, individual physicians and the public at large including potential users of the products by promoting the same as safe and effective.

43.  Upon information and belief, each defendant placed profit concerns over and above the safety of the public.

44.  As a result of each defendant's reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the injured plaintiffs is entitled to an award of exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of said conduct.

## AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
## (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

45. Plaintiff incorporates by reference and realleges all preceding paragraphs as if fully set forth herein and further allege the following.

46. Each of the defendants expressly and impliedly warranted that their aforesaid drugs were safe when used by patients for whom the drugs were not otherwise contraindicated, including the injured plaintiffs herein.

47. Each of the defendants breached such express and implied warranties in that their respective drugs are not safe for the purpose for which intended.

48. As a direct and proximate result of the aforesaid breach of express and implied warranties, each injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

## RELIEF REQUESTED

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1) Award plaintiff MARY J. MAHAR compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and

(2) Award plaintiff MARY J. MAHAR exemplary damages against defendants on the first through fifth causes of action;

(3) Award plaintiff such other and further relief against the defendants as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: August 2, 2006

**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiffs
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

By: _Ronald R B_
RONALD R. BENJAMIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x
                           :

MARY J. MAHAR,
                           :

                   Plaintiff,  :     No.: ~~111301/06~~

                           :           111300/06

       -against-           :    **ANSWER AND ~~JURY DEMAND~~**

                           :    **OF DEFENDANT MERCK &**
PFIZER, INC., PHARMACIA CORPORATION,  :    **CO., INC.**
a wholly-owned subsidiary of PFIZER, INC., and  :
PHARMACIA & UPJOHN COMPANY, a  :
wholly-owned subsidiary of PHARMACIA  :
CORPORATION, and MERCK & CO., INC.,  :

                   Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - x

**F I L E D**

SEP 25 2006

NEW YORK
COUNTY CLERK'S OFFICE

      Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the

Complaint ("Complaint") herein as follows:

      1.    Upon information and belief, admits the allegations contained in paragraph 1

of the Complaint.

      2.    The allegations contained in paragraph 2 of the Complaint are not directed

towards Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in said paragraph except admits, upon

information and belief, that Pfizer, Inc. ("Pfizer") is a Delaware Corporation with its

principal place of business in New York.

      3.    The allegations contained in paragraph 3 of the Complaint are not directed

towards Merck and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

4.     The allegations contained in paragraph 4 of the Complaint are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint except admits that Pfizer manufactured Celebrex and Bextra and that Pfizer marketed its products at certain times.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® until it voluntary withdrew Vioxx from the worldwide market on September 30, 2004.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Pfizer marketed its products at certain times. Merck further admits that it trains its professional representatives.

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information and that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for Vioxx in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information and admits that Pfizer marketed its products at certain times.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint regarding Bextra are not directed toward Merck and no response is required. Denies each and every allegation contained in paragraph 17 of the Complaint regarding Vioxx and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and

questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

18.　Denies each and every allegation contained in paragraph 18 of the Complaint.

19.　Denies each and every allegation contained in paragraph 19 of the Complaint.

20.　Denies each and every allegation contained in paragraph 20 of the Complaint.

21.　Denies each and every allegation contained in paragraph 21 of the Complaint.

22.　The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

23.　The allegations contained in paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FIRST CAUSE OF ACTION (NEGLIGENCE AND GROSS NEGLIGENCE)"

24.　With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25.　Denies each and every allegation contained in paragraph 25 of the Complaint.

26.　Denies each and every allegation contained in paragraph 26 of the Complaint.

27.　Denies each and every allegation contained in paragraph 27 of the Complaint.

28.　Denies each and every allegation contained in paragraph 28 of the Complaint.

29.　Denies each and every allegation contained in paragraph 29 of the Complaint.

30.　Denies each and every allegation contained in paragraph 30 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION
## (STRICT LIABILITY)"

31.    With respect to the allegations contained in paragraph 31 of the Complaint,

Merck repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 30 of this Answer with the same force and effect as

though set forth here in full.

32.    Denies each and every allegation contained in paragraph 32 of the Complaint.

33.    Denies each and every allegation contained in paragraph 33 of the Complaint.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint.

35.    Denies each and every allegation contained in paragraph 35 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION
## (MISREPRESENTATION AND FAILURE TO WARN)"

36.    With respect to the allegations contained in paragraph 36 of the Complaint,

Merck repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 35 of this Answer with the same force and effect as

though set forth here in full.

37.    Denies each and every allegation contained in paragraph 37 of the Complaint.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO "FOURTH AND SEPARATE CAUSE OF ACTION (BREACH OF EXPRESS AND IMPLIED WARRANTIES)"

45.    With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint.

## RESPONSE TO "RELIEF REQUESTED"

49.    Plaintiff's "Relief Requested" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Relief Requested" section of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

50.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose, or are otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

51.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

52.    The claims of Plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

53.   The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

54.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

55.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

56.   To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

57.   To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

58.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

59.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

60.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

61.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

62.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
### DEFENSE, MERCK ALLEGES:

63.   To the extend Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

64.   Plaintiff's claims of fraud and misrepresentation are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Sections 3013 and 3016(b) of the New York Civil Practice Law and Rules.

## AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

65.   Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

66.   Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

67.   Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

68. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

69. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

70. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

71. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

72. The claims of Plaintiff and the purported class members may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

73. The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

74.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and

which gave rise to a duty to warn, Merck at all times discharged such duty through

appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

75.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due

to spoliation of evidence.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

76.    The claims of Plaintiff may be barred, in whole or in part, by the governing

state laws.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

77.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

78.    Plaintiff has not sustained any injury or damages compensable at law.

**AS FOR A THIRTIETH
DEFENSE, MERCK ALLEGES:**

79.    To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

80.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

81.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

82.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

83.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

84.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

85.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

86.   Plaintiff's claims are barred by the doctrine of contributory negligence.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

87.   This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

88.   Defendants are improperly joined in this action.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's

Complaint with prejudice and awarding Merck its reasonable costs and disbursements,

together with such and other and further relief that the Court may deem just and proper.


## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


DATED:     New York, New York
             September 22, 2006

                                 Respectfully submitted,

                                 HUGHES HUBBARD & REED LLP


By: _Vilia B Hayes_

                      Theodore V. H. Mayer
                      Vilia B. Hayes
                      Robb W. Patryk
                One Battery Park Plaza
                New York, New York 10004-1482
                (212) 837-6000

                *Attorneys for Defendant Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

MARY J. MAHAR,

                                Plaintiff,

               -against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO., INC.,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - x

**No.: 111301/06**

**AFFIDAVIT OF SERVICE**

       CORINNE A. LAXMAN, being duly sworn, deposes and says that she is over the age of

18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard &

Reed, counsel for Defendant, and that, on September 22, 2006, she served a true and accurate

copy of the Answer and Jury Demand of Defendant Merck & Co., Inc. via first-class mail,

postage prepaid, on Plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin,

126 Riverside Drive, Binghamton, New York 13902, and on counsel for Defendants Pfizer, Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company, Christopher Strongosky, DLA

Piper US LLP, 1251 Avenue of the Americas, New York, NY 10020.

                                    *Corinne Laxman*
                                    Corinne A. Laxman

Sworn to before me this
22nd day of September, 2006

*Patricia E. Smith*
Notary Public

PATRICIA E. SMITH
Notary Public, State of New York
No. 1SM4796951
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires March 30, 20 22

This document has
NOT been
E-Filed

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ x

IN RE: NEW YORK BEXTRA AND CELEBREX        :    Index No. 762000/06
PRODUCT LIABILITY LITIGATION               :
                                           :
                                           :
                                           :
------------------------------------------------------------------ x
                                           :
THIS DOCUMENT APPLIES TO:                  :
------------------------------------------------------------------ x

MARY MAHAR,                                :    Index No. 111300/06
                                           :
                        Plaintiff,         :    APR 09 2008
                                           :
                                           :    COUNTY CLERK'S OFFICE
            v.                             :    NEW YORK
                                           :    AFFIRMATION OF
                                           :    CHRISTOPHER M.
PFIZER INC., PHARMACIA CORPORATION, a wholly-  :    STRONGOSKY
owned subsidiary of PFIZER INC., and PHARMACIA &  :
UPJOHN COMPANY, a wholly-owned subsidiary of  :    (COMPLIANCE MOTION
PHARMACIA CORPORATION, and MERCK & CO., INC.,  :    NO. 2)
                                           :
                        Defendants.        :
                                           :
------------------------------------------------------------------ x

**FILED**

    CHRISTOPHER M. STRONGOSKY, an attorney duly admitted to practice law before

the courts of the State of New York, hereby affirms under the penalties of perjury as follows:

    1.    I am a member of the law firm of DLA Piper US LLP, attorneys for Defendants

Pfizer Inc., Pharmacia Corporation and Pharmacia & Upjohn Company (the "Pfizer

Defendants") in this case. I am fully familiar with the facts and circumstances of this matter.

    2.    Attached hereto as Exhibit 1 is a true and correct copy of Special Master Fern M.

Smith's November 5, 2007 Order ("Compliance Order") granting Defendants' expedited motion

seeking an Order requiring compliance with Case Management Order No. 6.

    3.    Pursuant to the Compliance Order, Plaintiff was required to serve a Plaintiff Fact

Sheet ("PFS") within twenty-one (21) days of the Order. Judge Smith also ordered that "[f]ailure

to comply with this Order may result in any of the sanctions referred to in CMO No. 6, including dismissal with prejudice." Ex. 1, Compliance Order.

4.      Plaintiff has failed to serve Pfizer Defendants with a PFS within twenty-one (21) days of the Compliance Order, or at any time since.

5.      As authorized by CMO No. 6, paragraphs 7, 9, and 10, based on the failure of Plaintiff to serve a PFS pursuant to CMO No. 6, and thereafter pursuant to Judge Smith's November 5, 2007 Compliance Order, Plaintiff's causes of action against Pfizer Defendants should be dismissed with prejudice.

6.      No prior relief has been sought.

Dated: New York, New York
       February 8, 2008

                                                _____
                                                Christopher M. Strongosky

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------- x
                                 :   Index No. 762000/06

IN RE: NEW YORK BEXTRA AND CELEBREX    :   ORDER GRANTING
PRODUCT LIABILITY LITIGATION              :   DEFENDANTS' EXPEDITED
                                   :   MOTION SEEKING ORDER
                                   :   REQUIRING COMPLIANCE
                                   :   WITH CASE MANAGEMENT
-------------------------------------------------------------   :   ORDER NO. 6
                                   :   (COMPLIANCE MOTION
THIS DOCUMENT APPLIES ONLY TO CASES    :   NO. 2)
LISTED ON APPENDIX A                       : 
                                   : 
                                   : 
------------------------------------------------------------- x

      THIS MATTER having come before the Court on Defendants' Expedited Motion Seeking

Order Requiring Compliance with Case Management Order ("CMO") No. 6; the parties having

received due notice and having had the opportunity to be heard; and this Court having considered all

submissions made in support of and in opposition to the motion:

      IT IS HEREBY ORDERED THAT Defendants' Expedited Motion Seeking Order Requiring

Compliance with CMO No. 6 is GRANTED. Plaintiffs listed in Appendix A must serve on

Defendants a completed Plaintiff Fact Sheet, correctly executed Authorizations, and Responsive

Documents (or notice that none are in the possession of Plaintiff or Plaintiff's counsel) within

twenty-one (21) days of the date of entry of this Order.

      Failure to comply with this Order may result in any of the sanctions referred to in CMO

No. 6, including dismissal with prejudice.

Dated: November 5, 2007

                                          Honorable Fern M. Smith
                                        United States District Judge (Ret.)
                                        Special Master

FILED NOV 14 2007 NEW YORK COUNTY CLERK'S OFFICE

APPENDIX A

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 1 | Carol Adelberg, et ux., Arthur Adelberg, and Antonio Amendoeira, et ux. Maria Amendoeira vs. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation and Merck & Co., Inc. | Adelberg, Carol | 401585/07 | Law Office of Ronald R. Benjamin |
| 2 | Geraldine Alapeck v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Alapeck, Geraldine | 111293/06 | Law Office of Ronald R. Benjamin |
| 3 | Joseph Apice v. Pfizer Inc. | Apice, Joseph | 150418/07 | Weitz & Luxenberg, P.C. |
| 4 | Carolyn Barney v. Pfizer Inc. | Barney, Carolyn | 150100/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 5 | Josephine Bartlett, et ux. Carl Bartlett, Maria Rozario, et ux. Cyril Rozario, Michael Smith, et ux. Bonnie Lou Mitchell, and Pamela Saccone v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Bartlett, Josephine | 116111/04 | Law Office of Ronald R. Benjamin |
| 6 | Ben Beecham v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Beecham, Ben | 105679/07 | Matthews & Associates |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 7 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Bilik, Anthony | 101550/05 | Law Office of Ronald R. Benjamin |
| 8 | Helen Bilik, Elizabeth Boone, Mary J. Mahar, Carolyn S. Croft, Geraldine M. Alapeck, Dean Santacrose, and Stasia Simmons vs. Pfizer Inc., Pharmacia Corporation, a wholly-own subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Bilik, Helen | 106237/05 | Law Office of Ronald R. Benjamin |
| 9 | Ronald Bramson and Elaine Bramson v. Pfizer Inc. | Bramson, Ronald | 101271/07 | Douglas & London, P.C. |
| 10 | Minnie H. Young, Individually and as Executrix of the Estate of Renee Burnett, Deceased v. Pfizer Inc., Pharmacia Corp, f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Burnett, Renee | 150333/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 11 | Janice D. Bush v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Bush, Janice D. | 150047/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 12 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Albert | 106547/05 | Law Office of Ronald R. Benjamin |
| 13 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Cadwell, Samuella | 106547/05 | Law Office of Ronald R. Benjamin |
| 14 | Sixta A. Claudio v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Claudio, Sixta A. | 150334/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 15 | Timothy A. Corkran v. Pfizer Inc. | Corkran, Timothy A. | 150117/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 16 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Corprew, Wilbert E. | 106547/05 | Law Office of Ronald R. Benjamin |

3

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 17 | Carolyn Croft v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Croft, Caroline S. | 111295/06 | Law Office of Ronald R. Benjamin |
| 18 | Altoria Dallas v. Pfizer Inc. | Dallas, Altoria | 150118/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 19 | Patricia J. Danberry v. Pfizer Inc. | Danberry, Patricia J. | 150119/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 20 | Joseph DeStefano v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | DeStefano, Joseph | 150071/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 21 | Shirley Diggs v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Diggs, Shirley | 150266/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 22 | Michael D. Donovant v. Pfizer Inc. | Donovant, Michael D. | 104609/07 | Matthews & Associates |
| 23 | Mayra Figueroa v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Figueroa, Mayra | 111296/06 | Law Office of Ronald R. Benjamin |

4

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 24 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Golub, Robert | 101550/05 | Law Office of Ronald R. Benjamin |
| 25 | Teri L. Hall v. Pfizer Inc. | Hall, Teri L. | 150359/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 26 | Glenna M. Harrison and Roger Harrison, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Harrison, Glenna M. | 150260/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 27 | Dorothy M. Hocker v. Pfizer Inc. | Hocker, Dorothy M. | 150150/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 28 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | House, Rebecca M. | 101550/05 | Law Office of Ronald R. Benjamin |
| 29 | Ruth Ice v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Ice, Ruth | 150255/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 30 | Kevin D. James v. Pfizer Inc. | James, Kevin D. | 150172/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 31 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Jaros, Barbara | 116110/04 | Law Office of Ronald R. Benjamin |
| 32 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Jarvis, Patricia | 101550/05 | Law Office of Ronald R. Benjamin |
| 33 | Joseph E. Jenkins, III v. Pfizer Inc. | Jenkins, III, Joseph E. | 150361/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 34 | Shirley A. Jenkins v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Jenkins, Shirley A. | 150051/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 35 | Merton J. Kreps, Sr. v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Kreps, Sr., Merton J. | 150050/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 36 | George Lacey and Roxanne S. Lacey, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Lacey, George | 150349/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 37 | Lester A. Lamb v. Pfizer Inc. | Lamb, Lester A. | 150160/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 38 | Andrea S. Golub and Robert S. Golub, Cheryl Singer, et ux. Bruce Singer, Anthony Bilik, et ux. Genevie Bilik, Patricia Jarvis, et ux. James J. Jarvis, Barbara I. Lupole, et ux. Donald H. Lupole, and Rebecca M. House v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc | Lupole, Barbara I. | 101550/05 | Law Office of Ronald R. Benjamin |
| 39 | Mary Mahar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Mahar, Mary J. | 111300/06 | Law Office of Ronald R. Benjamin |
| 40 | Anthony Marchetti and Beverly Marchetti, h/w v. Pfizer Inc. | Marchetti, Anthony | 113362/06 | Weitz & Luxenberg, P.C. |
| 41 | Beth A. McAllen v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | McAllen, Beth A. | 150080/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 42 | Marion McCaskill-Whittington v. Pfizer Inc. | McCaskill-Whittington, Marion | 150386/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 43 | Dorothy McKinley v. Pfizer Inc. | McKinley, Dorothy | 150170/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 44 | Roy Medlin v. Pfizer Inc. | Medlin, Roy | 150380/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 45 | Llyod Moore v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Moore, Llyod | 150295/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 46 | Barbara O'Farrell v. Pfizer Inc. | O'Farrell, Barbara | 150396/07 | Weitz & Luxenberg, P.C. |
| 47 | David Ott v. Pfizer Inc. | Ott, David | 150007/07 | Weitz & Luxenberg, P.C. |
| 48 | Jane Outlar, Individually and as Representative for the Estate of David N. Outlar, Deceased v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co., and Monsanto Company | Outlar, David N. | 150341/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 49 | Donald J. Paquin v. Pfizer Inc. | Paquin, Donald J. | 150182/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 50 | Marcus B. Patterson v. Pfizer Inc. | Patterson, Marcus B. | 150332/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 51 | Frank H. Alessio, et ux. Patricia A. Alessio, Lucy Pedone, and Vernon Ramoutar v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation | Pedone, Lucy | 101549/05 | Law Office of Ronald R. Benjamin |
| 52 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Peer, Bruce D. | 116110/04 | Law Office of Ronald R. Benjamin |

8

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 53 | Bobbie A. Pen v. Pfizer Inc. | Pen, Bobbie A. | 150290/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 54 | Robert W. Phillips v. Pfizer Inc. | Phillips, Robert W. | 150315/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 55 | Kevin Pitcher v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Pitcher, Kevin | 111311/06 | Law Office of Ronald R. Benjamin |
| 56 | Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Plocek, Elsa | 106547/05 | Law Office of Ronald R. Benjamin |
| 57 | Barbara Jaros, Bruce D. Peer, et ux. Pamela K. Peer, Ronald Quackenbush, Sr., and Sharon Seymour Quackenbush v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Quackenbush, Ronald, Sr. | 116110/04 | Law Office of Ronald R. Benjamin |
| 58 | Carolyn E. Rabb v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rabb, Carolyn E. | 150085/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

9

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 59 | Marianne Raftis v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Raftis, Marianne | 111297/06 | Law Office of Ronald R. Benjamin |
| 60 | Maria H. Restrepo v. Pfizer Inc. | Restrepo, Maria H. | 150197/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 61 | Lula Roberson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Roberson, Lula | 150393/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 62 | Maria Rozario, et ux. Cyril Rozario v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc. and Pharmacia and Upjohn Company, wholly-owned subsidiary of Pharmacia Corporation | Rozario, Maria | 103934/06 | Law Office of Ronald R. Benjamin |
| 63 | Maria Rozario and Cyril Rozario v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Rozario, Maria | 150235/07 | Napoli Bern Ripka, LLP |
| 64 | Khanom Salmassie v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Salmassie, Khanom | 150394/07 | Napoli Bern Ripka, LLP; Watts Law Firm |
| 65 | Dean Santacrose v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Santacrose, Dean | 111290/06 | Law Office of Ronald R. Benjamin |

deleted JrV 11/6 (61)

Deleted JrV (63)

10

| Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|
| 66 Samuella D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew, Elsa Plocek, et ux. Marian Plocek, and Ronald H. Schaffer, et ux. Beverly Schaffer v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Schaffer, Ronald H. | 106547/05 | Law Office of Ronald R. Benjamin |
| 67 Ernest D. Schroeder v. Pfizer Inc. | Schroeder, Ernest D. | 150372/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 68 Ella Schulp, Individually and as Proposed Administrator of the Estate of Eugene Schulp, Deceased v. Pfizer Inc. | Schulp, Eugene | 150406/07 | Weitz & Luxenberg, P.C. |
| 69 David D. Sellers v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Sellers, David D. | 150087/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 70 Kenneth E. Shaddix v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Shaddix, Kenneth E. | 150088/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 71 Betty C. Shagen v. Pfizer Inc. | Shagen, Betty C. | 150319/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 72 Sarah M. Shoulders v. Pfizer Inc. | Shoulders, Sarah M. | 150207/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 73 | Michael Smith, et ux Bonnie Lou Mitchell v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a whollly-owned subsidiary of Pharmacia Corporation | Smith, Michael | 115440/05 | Law Office of Ronald R. Benjamin |
| 74 | Johnny A. Sours v. Pfizer Inc. | Sours, Johnny A. | 150403/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 75 | Lori Dufresne, Individually and as personal representative for Frank Spencer, deceased v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Spencer, Frank | 402996/07 | Law Office of Ronald R. Benjamin |
| 76 | Margaret Steinhoff, et ux. Michael Steinhoff v. Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc. | Steinhoff, Margaret | 111292/06 | Law Office of Ronald R. Benjamin |
| 77 | Keith H. Stender v. Pfizer Inc. | Stender, Keith H. | 150223/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 78 | Susan N. Thaler v. Pfizer Inc. | Thaler, Susan N. | 150225/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 79 | Jimmy E. Thompson v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Thompson, Jimmy E. | 150301/07 | Matthews & Associates; Napoli Bern Ripka, LLP |

| | Case Caption | Plaintiff Name | Index No. | Plaintiff's Counsel |
|---|---|---|---|---|
| 80 | Thelma Tomasco v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Tomasco, Thelma | 150091/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 81 | Tamatha Tucker  v. Pfizer Inc. | Tucker, Tamatha | 116286/06 | Weitz & Luxenberg, P.C. |
| 82 | Clifton B. Whitehead v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Whitehead, Clifton B. | 150094/07 | Matthews & Associates; Napoli Bern Ripka, LLP |
| 83 | John Wolfe and Thai Wolfe, w/h v. Pfizer Inc., Pharmacia Corp. f/k/a Pharmacia & Upjohn, Inc., G.D. Searle & Co. and Monsanto Company | Wolfe, John | 150240/07 | Napoli Bern Ripka, LLP; Watts Law Firm |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------- x
                                                     :
IN RE: NEW YORK BEXTRA AND CELEBREX                  :   Index No. 762000/06
PRODUCT LIABILITY LITIGATION                         :
                                                     :
                                                     :
                                                     :
--------------------------------------------------------------------- x
                                                     :
THIS DOCUMENT APPLIES TO:                            :
--------------------------------------------------------------------- x
                                                     :
MARY MAHAR,                                          :   Index No. 111300/06
                                                     :
                        Plaintiff,                   :
                                                     :
                                                     :
            v.                                       :   [PROPOSED] ORDER
                                                     :
PFIZER INC., PHARMACIA CORPORATION, a wholly-        :   (COMPLIANCE MOTION
owned subsidiary of PFIZER INC., and PHARMACIA &     :   NO. 2)
UPJOHN COMPANY, a wholly-owned subsidiary of         :
PHARMACIA CORPORATION, and MERCK & CO., INC.,        :
                                                     :
                        Defendants.                  :
                                                     :
--------------------------------------------------------------------- x

THIS MATTER having come before the Court on the Pfizer Defendants' Motion to

Dismiss; the parties having received due notice and having had the opportunity to be heard; and

this Court having considered all submissions made in support of and in opposition to the motion,

finds as follows:

Plaintiff has failed to comply with Case Management Order No. 6 ("CMO No. 6") by

failing to provide Pfizer Defendants with a completed Plaintiff Fact Sheet ("PFS"), correctly

executed authorizations, and responsive documents within sixty (60) days after the filing of her

case. Plaintiff also has failed to comply with the Order issued by the Special Master, Judge Fern

M. Smith (Ret.), on November 5, 2007, requiring Plaintiff to provide the discovery required by

CMO No. 6 within twenty-one (21) days of entry of that Order or face dismissal with prejudice.

Based on these failures, the Court also finds as follows:

(1)    The public's interest in expeditious resolution of this litigation is compromised by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiff's failures are unreasonable and have impeded the resolution of these matters.

(2)    The Court's need to manage its docket is compromised by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of Plaintiff's case will serve to appropriately penalize her for her non-compliance and also will encourage other plaintiffs to comply with this Court's Case Management Orders.

(3)    Defendants are prejudiced by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. Without the discovery required by CMO No. 6, the Pfizer Defendants cannot defend themselves because they have no information about Plaintiff or Plaintiff's injuries outside the allegations in the Complaint. Pfizer Defendants are also prejudiced by the loss of evidence and memory that attend the delay in providing required discovery, factors that are aggravated by the complexity of this litigation.

(4)    The public policy favoring disposition on the merits is overridden by Plaintiff's failure to comply with CMO No. 6 and the Special Master's Compliance Order. The Court finds that Plaintiff's failure to provide the required discovery obstructs resolution of her claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.

(5)    There are no less drastic sanctions available to force Plaintiff to comply with this Court's Orders. The Court finds that CMO No. 6 and the Special Master's Compliance Order both provide specific warnings stating that claims may be dismissed with prejudice for failure to comply with discovery obligations.

Accordingly, in light of this Court's role in overseeing this litigation, the Court hereby

2

finds that dismissal of Plaintiff's claims, with prejudice, is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Motion to Dismiss is GRANTED and Plaintiff's causes of action against Pfizer Defendants are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:  March ___, 2008

                                          _____
                                          Hon. Shirley W. Kornreich

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                           : ss.:

COUNTY OF NEW YORK   )

      Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served true copies of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on the following counsel by U.S. mail:

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607

Mitchell Breit
WHATLEY DRAKE & KALLAS LLC
1540 Broadway, 37th Floor
New York, New York 10036

David Rosenband
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038

the addresses designated by said attorneys for that purpose. Service was completed by depositing true copies of same, enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Postal Service.

_____
Luke K. Tamura

Sworn to before me this
8th day of February, 2008

_____
Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6058309
Qualified in Bronx County
Commission Expires May 7, 2011

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF NEW YORK         )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action. On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' NOTICE OF MOTION TO DISMISS (COMPLIANCE MOTION NO. 2), AFFIRMATION OF CHRISTOPHER M. STRONGOSKY (COMPLIANCE MOTION NO. 2) and exhibit attached thereto, and [PROPOSED] ORDER (COMPLIANCE MOTION NO. 2) on counsel by overnight delivery at the following address:

Vilia B. Hayes

HUGHES HUBBARD & REED LLP

One Battery Park Plaza

New York, NY 10004

the address designated by said attorney for that purpose. Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

 

_____

Luke K. Tamura

Sworn to before me this
13th day of February, 2008

_____
Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
**FIRST JUDICIAL DISTRICT**
**SUPREME COURT, CIVIL BRANCH**
60 CENTRE STREET
NEW YORK, NEW YORK 10007-1474
(646) 386-3170
FAX (212) 374-1803

> This document has
> NOT been
> E-Filed

**FILED**

JONATHAN LIPPMAN
Chief Administrative Judge

JOAN B. CAREY
Deputy Chief Administrative Judge
New York City Courts

APR 09 2008

**JACQUELINE W. SILBERMANN**
Administrative Judge
First Judicial District
Supreme Court, Civil Branch

COUNTY CLERK'S OFFICE
NEW YORK

## ADMINISTRATIVE ORDER

By the authority vested in me as Administrative Judge of the Supreme Court, Civil Branch, New York County, in light of the Decisions and Orders of the Litigation Coordinating Panel of the State of New York identified below, and pursuant to Section 202.69 (c ) (1) of the Uniform Rules for the Trial Courts, and in view of the facts that the Supreme Court, Civil Branch, New York County has established a Center for Complex Litigation in implementation of the recommendations of the <u>Comprehensive Civil Justice Program - - 2005</u> and the undersigned, by Administrative Order dated February 21, 2006, has assigned several Justices to said Center,

IT IS HEREBY ORDERED as follows:

<u>Bextra, Celebrex and Vioxx Cases</u>

1. Pursuant to Administrative Order dated December 2, 2005, various cases seeking damages for personal injury from ingestion of the drug Bextra only, were assigned to Hon. Shirley W. Kornreich, one of the Justices of the Center, for the purpose of coordination as set forth in Uniform Rule 202.69 and, in the case of New York County matters, for all other purposes as well.

2. All other cases currently pending in Supreme Court, New York County, or hereafter commenced here in which the plaintiff seeks damages for personal injury alleged to have resulted from ingestion of Bextra, Celebrex, or Vioxx, whether alone or in any combination, shall be assigned to Justice Kornreich for all purposes.

<u>Hormone Replacement Therapy</u>

3. All cases seeking damages for personal injury alleged to have occurred as a result of the ingestion of medications in the course of hormone replacement therapy ("Hormone

Replacement Therapy Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Martin Shulman, one of the Justices of the Center, for the purpose of coordination as set forth below and for all other purposes.

4. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 27, 2006 in the matter of Marshall v. Pfizer, Inc., Index No. 105816/2004 (New York County), Panel Case No. 0004/2005, has directed that Hormone Replacement Therapy Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Shulman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

5. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Hormone Replacement Therapy Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Shulman for purposes of the coordination.

Fleet Phospho Soda Cases

6. All cases seeking damages for personal injury alleged to have occurred as a result of the use of Fleet Phospho Soda as a bowel cleanser ("Fleet Phospho Soda Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman, one of the Justices of the Center, for the purpose of coordination as set forth below and for all other purposes.

7. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 28, 2006 in the matter of Goldwasser v. C.B. Fleet Holding Company, Inc., Index No. 117698/2004 (New York County), Panel Case No. 0005/2005, has directed that Fleet Phospho Soda Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

8. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof (which does not include Strank v. C.B. Fleet Holding Co., Inc.,

2

Index No. 101324/2005 (New York County)), and any other Fleet Phospho Soda Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

Neurontin Cases

9. All cases seeking damages for personal injury or wrongful death alleged to have occurred as a result of the ingestion of the prescription medication Neurontin ("Neurontin Actions") that are currently pending in the Supreme Court, Civil Branch, New York County or that shall hereafter be commenced in this County shall be assigned to Hon. Marcy S. Friedman for the purpose of coordination as set forth below and for all other purposes.

10. In addition, the Litigation Coordinating Panel, by Decision and Order dated March 31, 2006 in the matter of Delaney v. Pfizer, Inc., Index No. 117852/2004 (New York County), Panel Case No. 0002/2006, has directed that Neurontin Actions shall be coordinated pursuant to Uniform Rule 202.69 in the Supreme Court of the State of New York, County of New York, before a Coordinating Justice of that county. Justice Friedman is hereby designated the Coordinating Justice for the coordination directed by the Panel in the said Decision and Order.

11. Pursuant to the Decision and Order of the Panel, all the actions set forth in the caption and Appendix thereof, and any other Neurontin Actions that were filed as of the date of the Decision and Order and that remain active but that were not included in the caption or Appendix thereof and that are transferred to this County pursuant to the Decision and Order, and any other such Actions as may be filed and transferred subsequent to the date of the Decision and Order shall be assigned to Justice Friedman for purposes of the coordination.

All Cases

12. A Request for Judicial Intervention shall be filed in every case covered by this Order. In cases that are transferred to this County from another for the purpose of coordination, an RJI shall be issued by the Clerk without fee if a party has already paid for an RJI in another County. The Clerks of the relevant back offices shall assign or reassign the cases covered by this Order, those pending or hereafter filed here and those transferred to this County from another County for coordination as set forth above. Attorneys who hereafter file in this court any of the kinds of matters set forth above or who effect transfer of any such

3

matters to this court for coordination as directed by the Litigation Coordinating Panel in any of the Decisions and Orders set forth above shall identify on the Request for Judicial Intervention the kind of case involved (e.g., Neurontin Action) and shall attach to the RJI a copy of this Administrative Order.

Dated: New York, New York

April ___14___, 2006

Hon. Jacqueline W. Silbermann
Administrative Judge

4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )

                       : ss.:

COUNTY OF NEW YORK    )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years old and not a party to this action. On the 8th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on the following counsel by U.S. mail:

Ronald R. Benjamin

LAW OFFICES OF RONALD R. BENJAMIN

126 Riverside Drive

P.O. Box 607

Binghamton, New York 13902-0607

the address designated by said attorney for that purpose. Service was completed by depositing a true copy of same, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

_____

Luke K. Tamura

Sworn to before me this
8th day of February, 2008

_____

Notary Public

TARSHA THOMPSON
Notary Public, State of New York
No. 01TH6058309
Qualified in Bronx County
Commission Expires May 7, 200___

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF NEW YORK         )

     Luke K. Tamura, being duly sworn, deposes and says: I am over the age of 18 years and not a party to this action.  On the 11th day of February, 2008, I caused to be served a true copy of the foregoing Pfizer Defendants' REQUEST FOR JUDICIAL INTERVENTION on counsel by overnight delivery at the following address:

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004

the address designated by said attorney for that purpose.  Service by overnight delivery was completed by depositing a true copy of same enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

_____
Luke K. Tamura

Sworn to before me this
13th day of February, 2008

_____
Notary Public

JEROME McCAIN
Notary Public, State of New York
No. 01MC5050517
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires December 11, 2009

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **HON. SHIRLEY WERNER KORNREICH**                PART _____

*Justice*

Index Number : 111300/2006

**MAHAR, MARY**

VS.

**PFIZER**

SEQUENCE NUMBER :    # 001

      DISMISS

INDEX NO. _111300-06_

MOTION DATE _____

MOTION SEQ. NO. _#001_

MOTION CAL. NO. _____

... e read on this motion to/for _____

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

PAPERS NUMBERED
NYS SUPREME COURT
REVIEWED
APR 11 2008
E-FILING DEPT.

**MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):**

Cross-Motion:    ☐ Yes    ☐ No

Upon the foregoing papers, it is ordered that this motion *is withdrawn.*

FILED
APR 09 2008
COUNTY CLERKS OFFICE
NEW YORK

RECEIVED
APR 09 2008
IAS MOTION
SUPPORT OFFICE

**HON. SHIRLEY WERNER KORNREICH**

Dated: __4/7/08__                                          _____ J.S.C.

Check one:    ☐ **FINAL DISPOSITION**        ☐ **NON-FINAL DISPOSITION**

Check if appropriate:    ☐ **DO NOT POST**        ☐ **REFERENCE**

                                MDAF

COURTESY COPY
Original E-filed as
Document # 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX          :   Index No. 762000/06
PRODUCT LIABILITY LITIGATION                 :
                                             :
                                             :
------------------------------------------------------- x
MARY MAHAR,                                  :   Index No. 111300/06
                                             :
                    Plaintiff,               :
                                             :
        -against-                            :
                                             :
PFIZER INC., PHARMACIA CORPORATION, a wholly- :   STIPULATION OF
owned subsidiary of PFIZER INC., and PHARMACIA & :   DISMISSAL WITH
UPJOHN COMPANY, a wholly-owned subsidiary of  :   PREJUDICE AGAINST
PHARMACIA CORPORATION, and MERCK & CO.,      :   PFIZER DEFENDANTS
INC.,                                        :
                                             :
                    Defendants.              :       APR 09 2008
------------------------------------------------------- x

FILED

COUNTY CLERK'S OFFICE
NEW YORK

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other. This Stipulation may be filed without further notice with the

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        *March 5* , 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: _____
    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiff*


DLA PIPER US LLP

By: _____
    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:   New York, New York
         March 4 , 2008

LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By: _____              By: _____
    Ronald R. Benjamin                        Christopher M. Strongosky
    126 Riverside Drive                        Tiffany L. Christian
    P.O. Box 607                               1251 Avenue of the Americas
    Binghamton, New York 13902-0607            New York, NY 10020-1104
    607-772-1442                               212-335-4500

*Attorneys for Plaintiff*                 *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

**REQUEST FOR JUDICIAL INTERVENTION**

UCS-840 (REV

| | | | |
|---|---|---|---|
| Supreme | New York | 111300/06 | 8/11/2006 |
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

For Clerk Only

FEB 2 6 2008

IAS entry

RJI Date

PLAINTIFF(S)

**COURTESY COPY** 003675
Original E-filed as
Document # 4

3-6-08      002225

Mary Mahar,

DEFENDANT(S)

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc., and
Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation,
and Merck & Co., Inc.

Date issue joined: N/A        Bill of particulars served (Y/N)  ☐ Yes  ☒ No

**NATURE OF JUDICIAL INTERVENTION** (check **ONE** box only **AND** enter information)

- [ ] Request for preliminary conference
- [ ] Note of issue and/or certificate of readiness
- [x] Notice of motion (return date: 3/6/2008 )
  Relief sought Motion to Dismiss
- [ ] Order to show cause
  (clerk enter return date:              )
  Relief sought
- [ ] other ex parte application (specify:              )

- [ ] Notice of petition (return date:              )
  Relief sought
- [ ] Notice of medical or dental malpractice action (specify:              )
- [ ] Statement of net worth
- [ ] Writ of habeas corpus
- [ ] other (specify:              )

**NATURE OF ACTION OR PROCEEDING** (check **ONE** box only)

**MATRIMONIAL**
- [ ] Contested  [ ] Uncontested  -CM / -UM

**COMMERCIAL**
- [ ] Contract -CONT
- [ ] Corporate -CORP
- [ ] Insurance (where insurer is a party, except arbitration) -INS
- [ ] UCC (including sales, negotiable instruments) -UCC
- [ ] *Other Commercial

**REAL PROPERTY**
- [ ] Tax Certiorari -TAX
- [ ] Foreclosure -FOR
- [ ] Condemnation -COND
- [ ] Landlord/Tenant -LT
- [ ] *Other Real Property -ORP

**OTHER MATTERS**
- [ ] * -OTH

**TORTS**
Malpractice
- [ ] Medical/Podiatric -MM
- [ ] Dental -DM
- [ ] *Other Professional -OPM

- [ ] Motor Vehicle -MV
- [x] *Products Liability -PL
  Pharmaceutical
- [ ] Environmental -EN
- [ ] Asbestos -ASB
- [ ] Breast Implant -BI
- [ ] *Other Negligence -OTN

- [ ] *Other Tort (including intentional) -OT

**SPECIAL PROCEEDINGS**
- [ ] Art. 75 (Arbitration) -ART75
- [ ] Art. 77 (Trusts) -ART77
- [ ] Art. 78 -ART78
- [ ] Election Law -ELEC
- [ ] Guardianship (MHL Art. 81) -GUARD81
- [ ] *Other Mental Hygiene -MHYG
- [ ] *Other Special Proceeding -OSP

2002 © American LegalNet, Inc.

... "No" for each of the following questions:

action/proceeding against a

|  | NO |  |  | YES | NO |  |
|--|----|--|--|-----|----|--|
| [ ] | [X] | Municipality: |  | [ ] | [X] | Public Authority: |
|  |  | (specify _____ ) |  |  |  | (specify _____ ) |

YES   NO

| [ ] | [X] | Does this action/proceeding seek equitable relief? |
| [X] | [ ] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [X] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**
**(This applies to all cases except contested matrimonials and tax certiorari cases)**

Estimated time period for case to he ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months   ☐ Standard: 9-12 months   ☒ Complex: 13-15 months

**Contested Matrimonial Cases Only**: (Check and give date)

Has summons been served?          ☐ No          ☐ Yes, Date _____

Was a Notice of No Necessity filed?   ☐ No          ☐ Yes, Date _____

**ATTORNEY(S) FOR PLAINTIFF(S)**

| Self Rep.* | Name | Address | Phone # |
|-----------|------|---------|---------|
| ☐ | See Rider Sheet |  |  |
| ☐ |  |  |  |

**ATTORNEY(S) FOR DEFENDANT(S)**

| Self Rep.* | Name | Address | Phone # |
|-----------|------|---------|---------|
| ☐ | See Rider Sheet |  |  |
| ☐ |  |  |  |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**


**RELATED CASES: (IF NONE, write "NONE" below)**

| Title | Index # | Court | Nature of Relationship |
|-------|---------|-------|------------------------|

In re: New York Bextra and Celebrex Product Liability Litigation, Index No. 762000/06, Supreme Court, New York County

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/8/2008

_____
(SIGNATURE)

Tiffany L. Christian
(PRINT OR TYPE NAME)

Pfizer Inc. (see Rider)
ATTORNEY FOR

**ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION**

RIDER SHEET

Attorneys for Plaintiff

Ronald R. Benjamin
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

Attorneys for Defendants

Christopher M. Strongosky
Tiffany L. Christian
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

COURTESY COPY
Original E-filed as
Document # 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX            :    Index No. 762000/06
PRODUCT LIABILITY LITIGATION                   :
                                               :    Hon. Shirley W. Kornreich
                                               :
--------------------------------------------------------------- x
THIS DOCUMENT APPLIES TO:    002225            :
                                               :
--------------------------------------------------------------- x

MARY MAHAR,                                    :    Index No. 111300/06
                                               :
                          Plaintiff,           :
                                               :
           v.                                  :    NOTICE OF MOTION
                                               :    TO DISMISS
PFIZER INC., PHARMACIA CORPORATION, a wholly-  :
owned subsidiary of PFIZER INC., and PHARMACIA & :  (COMPLIANCE MOTION
UPJOHN COMPANY, a wholly-owned subsidiary of   :    NO. 2)
PHARMACIA CORPORATION, and MERCK & CO., INC.,  :
                                               :
                          Defendants.          :
                                               :
--------------------------------------------------------------- x

PLEASE TAKE NOTICE that upon the Affirmation of Christopher M. Strongosky dated

February 8, 2008, the exhibit annexed thereto, and all the files, papers, and proceedings herein,

the undersigned will move this Court on behalf of Defendants Pfizer Inc., Pharmacia

Corporation, and Pharmacia & Upjohn Company (collectively "Pfizer Defendants") at the

Courthouse, located at 60 Centre Street, New York, New York, at Room 130, on the 6th day of

March, 2008 at 9:30 a.m., or as soon thereafter as counsel can be heard, and move this Court for

an Order dismissing Plaintiff's claims against Pfizer Defendants with prejudice for failing to

comply with Case Management Order No. 6 and the Order entered by the Special Master, United

States District Judge Fern M. Smith (Ret.), on November 5, 2007.



PLEASE TAKE FURTHER NOTICE that, pursuant to Case Management Order No. 6, paragraph 10.f., answering papers, if any, are required to be served upon the undersigned at least ten (10) days before the return date of this motion, and reply papers, if any, are required to be served at least five (5) days before the return date of this motion.

Dated: New York, New York
      February 8, 2008

            Amy W. Schulman, Esq.
            Loren H. Brown, Esq.
            Christopher M. Strongosky, Esq.
            DLA PIPER US LLP
            1251 Avenue of the Americas
            New York, New York  10020
            (212) 835-6000

            *Attorneys for Pfizer Defendants*

TO:   Ronald R. Benjamin
      LAW OFFICES OF RONALD R. BENJAMIN
      126 Riverside Drive
      P.O. Box 607
      Binghamton, New York 13902-0607
      (607) 772-1442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX                    :    Index No. 762000/06
PRODUCT LIABILITY LITIGATION                           :
                                                       :

------------------------------------------------------------------- :    Index No. 111300/06

MARY MAHAR,                                            :

                            Plaintiff,                 :                            002681

       -against-                                       :

PFIZER INC., PHARMACIA CORPORATION, a wholly-          :    STIPULATION OF
owned subsidiary of PFIZER INC., and PHARMACIA &       :    DISMISSAL WITH
UPJOHN COMPANY, a wholly-owned subsidiary of           :    PREJUDICE AGAINST
PHARMACIA CORPORATION, and MERCK & CO.,                :    PFIZER DEFENDANTS
INC.,                                                  :
                                                       :
                            Defendants.                :
------------------------------------------------------------------- x

       IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other. This Stipulation may be filed without further notice with the

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        March 5 , 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: _____
    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiff*


DLA PIPER US LLP

By: _____
    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        March 9 , 2008

LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By: _____               By: _____
    Ronald R. Benjamin                         Christopher M. Strongosky
    126 Riverside Drive                         Tiffany L. Christian
    P.O. Box 607                                1251 Avenue of the Americas
    Binghamton, New York 13902-0607             New York, NY 10020-1104
    607-772-1442                                212-335-4500

*Attorneys for Plaintiff*                  *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*